# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

YOKO A. HANASH,

    Plaintiff,

v.

WALGREEN CO., *et al*.,

    Defendants.

Case No. 2:08-CV-01582-KJD-GWF

**ORDER**

    Presently before the Court is Plaintiff's Motion to Remand (#4). Defendant filed a response in opposition (#6) to which Plaintiff replied (#8).

I. Procedural History

    Plaintiff filed her complaint in Nevada state court on October 6, 2008. Plaintiff included allegations in that complaint against Defendant Walgreen Co. ("Walgreen") and Doe Defendant employees of Walgreen. The allegations stated that Plaintiff was injured by the negligent actions of Walgreen and its employees. On October 30, 2008, Defendant Walgreen accepted service of the summons and complaint. On November 12, 2008, Walgreen filed its answer and removed the complaint to federal court on November 14, 2008. On November 18, 2008, Defendant filed the present motion to remand alleging that diversity jurisdiction does not exist because the Doe Defendants are almost certainly residents of Nevada.

II.  Analysis

Removal jurisdiction based on diversity is determined at the time the complaint is filed and the removal is effected.  See Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131-32 (9th Cir. 2002)(italics added).  Diversity must exist when the action is removed.  See Newcombe v. Adolf Coors Co., 157 F.3d 686, 690 (9th Cir. 1998).  The defendant in a removal action has the burden of proving all jurisdictional facts and establishing that removal is proper.  See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); Industrial Tectonics, 912 F.2d at 1092; Abada v. Charles Schwab & Co., 68 F. Supp. 2d 1160, 1162 (S.D. Cal. 1999).  Under 28 U.S.C. § 1441 (a), "[f]or purposes of removal ... the citizenship of defendants sued under fictitious names shall be disregarded."  Only named defendants are considered in determining diversity of citizenship.  See Newcomb v. Adolph Coors Co., 157 F.3d 686, 690-91 (9th Cir. 1998).

Plaintiff is incorrect in suggesting that the case of McCabe v. Gen'l Foods Corp., 811 F.2d 1336 (9th Cir. 1997) should require the Court to allow discovery before resolving the motion to remand.  In fact, McCabe justifies a court's denial of remand in similar factual circumstances: "... in this case the Does are unidentified[,] [we] have no information as to who they are or where they live ... It was proper for the court to disregard them."  Id. at 1339.  Accordingly, this Court denies Plaintiff's motion to remand.

III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#4) is **DENIED**.

DATED this 9th day of February 2009.

_____
Kent J. Dawson
United States District Judge